# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

William Martin
_____
(Name of Plaintiff)

vs.

Jay Inslee
Steve Sinclair
Jeff Uttecht

Stephen Bolinger

Jerry Wonders

Ms. (Jane) Nessen
_____
(Names of Defendant(s))

3:18-cv-05929-BHS-JRC

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

With Jury Demand

## I. Previous Lawsuits:

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☐  Yes        ☒  No

B. If your answer to A is yes, how many?:_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff:_____

Defendants:_____

2. Court (give name of District):_____

3. Docket Number: _____

1

4. Name of judge to whom case was assigned: _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

## II. Place of Present Confinement: Coyote Ridge Correction Center

A. Is there a prisoner grievance procedure available at this institution?   ☐ Yes   ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint?
   ☒ Yes   ☐ No

   If your answer is NO, explain why not:

   _____

   _____

C. Is the grievance process completed?   ☒ Yes   ☐ No

   **If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

## III. Parties to this Complaint

A. Name of Plaintiff: William Martin        Inmate No.: 401212

Address: Po Box 769, Connell Wa. 99326

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: Jay Inslee        Official Position: Governor

Place of employment: _____

C. Additional defendants See attached _____

_____

_____

_____

2

1

The Court has jurisdiction under 28 U.S.C. §1331 and §1343(a)(3). Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. §2283, §2284 and by Rule 65 of the Federal Rules of Civil Procedure.

2

The Western District of Washington is an appropriate venue under 28 U.S.C. 1391(b) as one or more of the defendants reside within this District.

3

Defendant, Jay Inslee is the governor of the State of Washington, and is legally responsible for all state departments.

4

Defendant, Steve Sinclair is Secretary of the Dep't of Corrections of the State of Washington. He is legally responsible for the overall operation of the Department and each institution within the Depts jurisdiction, including Coyote Ridge Correction Center.

5

Defendant, Jeff Uttecht is Superintendent of Coyote Ridge Correction Center. He is legally responsible for the operation of Coyote Ridge Correction Center and the welfare of the inmates residing in that institution.

6

Defendant, Stephen Bolinger is the PREA Compliance
Specialist at Coyote Ridge Correction Center and is
responsible for the overall operation of PREA related
programs, investigations, and recommendations.

7

Defendants, Jerry Wonders and (Jane) Nessen are
Corrections officers at Coyote Ridge Correction Center.
(Ms. Nessens first name has yet to be discovered)

8

Each defendant is named in their individual and official
Capacities, and at all times metioned herein acted
under color of state law.

9

The plaintiff in this action, at all times mentioned
herein was a prisoner at Coyote Ridge Correction
Center. The plaintiff tried to seek resolve through the
filing of grievances which were investigated as
PREA complaints, leaving the plaintiff with no further
administrative remedy.

10

## Statement of Facts

I am a female identifying transgender, and have been diagnosed
with gender dysphoria. I work as a clerk in the institution
library. My gender identity is known, as I wear my
hair in a female style, and wear a bra which can be seen
through my clothing.

( Pg. 4 )

In the first week of August Officer Wonders began stopping me for body search on my way to work, I was searched 4 times by him in 3 days. These are supposed to be randum searchs of the population, he had obviously chosen me to harass. As it is common knowledge that Wonders targets inmates that are gay or transgender, and my transgenderism being the only thing that is contrasting about me and all others walking past him, I accused him of harassing me and told him I would file a complaint. Wonders said it was not grievable and that his name was "Jerry Wonders" and to get it right on the grievance.

11

I filed the first grievance on 8-9-18. But it did not get processed in compliance with D.O.C. policy. Before I received a response I filed a second complaint. Yet Officer Wonders continued to put me on display and embarrass and humiliate me. His hands on my chest, buttocks, thighs, brushing my groin. He refered to me as, "queer" "fag" "faggot".

12

I filed so many complaints on so many incidents that I can not recite them all. The PREA notices cite 10 complaints filed in the institution. I also filed a report with an outside agency. And made verbal complaints with institution staff that do not appear to have been processed.

(Pg. 5)

13

This harassment continued through August, september
and October. With two PREA investigations Wonders
continued unchecked by his superiors. No one told
him to stop, no one did anything to protect me.
The first PREA complaint simply seemed to be forgotten,
I received no formal resolution.

14

I, and my witness were interview, for the second
PREA complaint, on monday, September 24 Th. I was
stopped for search on the 25 Th, 26 Th, 27 Th, 28 Th.
These stops and searchs were intended to intimidate
me. On the 27 Th Officer Nessen said "If you Continue
with the sexual harassment complaint, I will make
your life miserable." A few minutes later Wonders
and Nessen got in the cart and drove away. I believe
that they had been waiting for me in order to make
this threat. I went to the grievance coordinators
office and reported it. My friend reported it to the
PREA investigator the following day. No one did any-
thing about it.

15

On October 12 Th I was issued a major infraction
by Mr. Bolinger, authorized by Superintendent Uttecht,
On the grounds that I had lied about Wonders "in order
to further my own agenda." This infraction was in
retaliation, meant to silence me from further reporting
of harassment.

(Pg. 6)

16

On October 23rd, without proper process, I was found guilty of this infraction. I was sanctioned with 30 days loss of Earned time, 30 days cell confinement, 30 days loss of phone, which was done to stymie my ability to report further harassment to outside agency such as the PREA Hot Line.

17

The following day, the 24th, Officer Wonders again stops me, with a smug look of satisfaction, has me remove my coat, touchs my chest, buttocks and thighs, bumps my groin from behind and from the front.

18

I went directly to the grievance coordinators office and reported this to Ms. Shuster, but I was afraid to start another investigation due to the threat and the retaliation that I had already suffered.

19

This ordeal, the sexual harassment, threat, retaliation, has caused, and continues to cause, me great emotional anguish, pain, anxiety, fear and depression.

20

I seek from defendants, Inslee, Sinclair, Uttecht, Bolinger, their successors in office, agents, employees and all others acting in concert with them, injunctive relief, that no more threat, or retaliation be made upon the person of the plaintiff, the barred acts are responsive to the plaintiff exercising of

constitutionally protected conduct or process, such
as, the redress by grievance, PREA complaints, or
the prosecution of this Civil action, and that these
barred acts will not be limited to, but will include,
placement in segregated housing, or transfere to
another institution or facility.

21

From defendant, Governor Jay Inslee, the plaintiff
seeks one dollar in nominal damages for having allowed
a "Custom or policy" of sexual harassment and retaliation
to be perpetrated upon inmates by Department of
Corrections employees in violation of the plaintiffs
first and Eighth Amendment rights.

22

From defendant, Secretary of the Dep't of Corr., Steve
Sinclair, the plaintiff seeks one dollar in nominal damages,
one thousand dollars in Compensatory damages, ten
thousand dollars in punitive damages, for having allowed
a "Custom or policy" of sexual harassment and retaliation
to be perpetrated upon inmates by Dep't of Corrections
employees in violation of the plaintiffs first and
Eighth Amendment rights.

23

From defendant, Superintendent Jeff Uttecht, the
plaintiff seeks one dollar in nominal damages, twenty
thousand dollars in Compensatory damages, fifty
thousand dollars in punitive damages, for retaliation

(Pg. 8)

in violation of the plaintiffs First Amendment right, and failure to protect in violation of the plaintiffs Eighth Amendment right.

24

From defendant, PREA Compliance Specialist, Stephen Bolinger, the plaintiff seeks one dollar nominal damages, fifty thousand dollars compensatory damages, one hundred thousand dollars punitive damages, for retaliation in violation of the plaintiffs first Amendment right, and for failure to protect in violation of the plaintiffs Eighth Amendment right.

25

From defendant, Officer Nessen, the plaintiff seeks one dollar in nominal damages, ten thousand dollars in compensatory damages, twenty thousand dollars in punitive damages, for retaliation in violation of the plaintiffs first Amendment right.

26

From defendant, Officer Wonders, the plaintiff seeks one dollar in nominal damages, one hundred thousand dollars in compensatory damages, one hundred thousand dollars in punitive damages, for sexual harassment in violation of the plaintiffs Eighth Amendment right, and the first Amendment violation of seeking to suppress the plaintiffs expression of gender identity.

( Pg. 9 )

27

From all defendants, jointly and severally, the plaintiff seeks three hundred thousand dollars in anticipatory damages.

28

From all defendants, jointly and severally, the plaintiff seeks all costs related to the prosecution of this action, including all court costs, costs of discovery, attorney fees, expert witness fees, and any other costs that the Court may deem just.

29

The plaintiff seeks finding by jury on all disputed issues.

30

I, William Martin, do swear under penalty of perjury, that by way of knowledge, information and belief, that the information and statements held within this complaint are true and correct.

_William Martin_

Signed

11/13/18

Date

William Martin #401212

D-B-20  Po Box 769

Coyote Ridge Correction Center

Connell, Wa. 99326

( Pg. 10 )

Affidavit of Witness, Bill J. Lane:

I, Bill J. Lane, do swear under penalty of perjury that by way of knowledge, information and belief that the following statement is true and correct.

I am a prisoner at Coyote Ridge Correction Center, and am witness to the following events.
Offender Martin is a transgender who identifies with the name Alexandra, out of respect for her I will refere to her as such, or in female pronouns.
Early in August of this year I noticed that Officer Wonders was stopping Alexandra for search. I took notice and interest because he stopped her 3 days in a row, twice on the third day, and as Officer Wonders has a reputation for harassment, I suspected that Alexandra was now being targeted by him. Alexandra's gender identity is quite obvious, She is small, with female features and carries herself with the poise of a young lady. She wears her hair bunched up high on the back of her head, and her compreshion (sports) bra can be seen through her clothing. I like Alexandra very much, as do all who know her. She is very gentle and kind and trully has no meaness in her.
I saw Alexandra stopped and searched by Officer Wonders so many times over the course of 6 or 8 weeks that I can not accurately recount them all. And I doubt that I was witness to all of the searches. Some of the searchs I saw from the

Affidavit

Window of my cell, and at times I was walking with her.
I had no doubt that Alexandra was being harassed and
humiliated because of her gender identity. Officer Wonders
face was clouded with malicious intent, as was Officer
Nessen's when she was present, and this was affirmed
when I was walking with Alexandra, Officer Wonders
was standing at the corner of the gym with another
officer, when he saw Alexandra and I he turned to the
other officer, meaning for us to hear it, he said "There's
those queers". This didn't really hurt me, but it ~~seemed~~
seemed to upset Alexandra. I have had other transgender
friends who are more matured in their transition, and
it is my understanding that being refered to as homo-sexual
is a psychological afront on their ~~fenism~~ feminism.
Later that same day I again walked past officer Wonders,
meaning for me to hear, speaking to another officer, he
used a vulger slang for homo-sexual and implied that
I had multiple gay sexual partners.
Twice I saw Officer Wonders have Alexandra remove her
clerks vest for search of her person. I have never seen
this done to any other clerk. The last search that I
witnessed was on October 24th, Officer Wonders had her
remove her coat and then performed a body search. A
few minutes later I saw her in the grievance
coordinators office, she later told me that she had been
in the office complaining about the search.

Affidavit

I remember one particular incident that haunts me, Alexandra was stopped by officer Wonders for search, he had her remove her vest, which he handed to officer Nessen, he placed one hand on Alexandra's shoulder and ran the other over her chest. I looked at Alexandra's face, there were tears in her eyes. I wished at that moment that I could save her, but I was as helpless as she was.
Through this entire process I have watched Alexandra's emotional and mental deterioration. Therapy, medication, and the affirmation of family and friends had begun to cause Alexandra to become comfortable with who she is, she was becomming happy and outgoing. Now she is regressing. She has become reclusive and sad. I am fearful for her.

I should also mention that I was with Alexandra on September 27 Th when she was stopped for search, I did not hear the conversation, but Alexandra told me that officer Nessen had threatened her, and I did see Alexandra in the grievance coordinators office reporting it. That week alone I witnessed Alexandra stopped for search four times.

While this small unimposing girl is being held for search gang-members and thugs pass unimcumbered.

I do swear by my Lord and God that Alexandra is being sexually harassed.

Bill J Lane

10-27-18

Memorandum of Law, in support of,
Order to show Cause, Preliminary
Injunction and Temporary Restraining
Order:

1  The plaintiff in this action states to the Court that
2  Officer Wonders has entered into a "campaign of
3  sexual harassment" which is meant to humiliate and
4  degrade the plaintiff and also to supress the plaintiffs
5  gender identity, and that this abuse at the hands
6  of officer Wonders places the plaintiff in continued
7  and imminent danger of mental and emotional
8  harm, as well as constitutional deprivation.
9  Further, that officer Nessen has threatened the
10 plaintiff in an attempt to chill the plaintiff from
11 participating in constitutionally protected conduct
12 or process.
13 Further, that Superintendent Uttecht and PREA
14 Compliance Specialist Bolinger entered into agreement
15 to issue a retalitory infraction to be served upon
16 the plaintiff, and that this action was done to punish
17 and chill the plaintiff in the participation of
18 Constitutionally protected conduct or process.
19 Further, that Governor Jay Inslee and Secretary of
20 the Dept of Corrections allow a "custom" of sexual
21 harassment and retaliation to exist within the
22 Dept of Corrections at the hands of Dept employees
23 perpetrated upon inmates. (Defendant, Steve Sinclair

24 is Secretary of the Dept of Corrections)

Memorandum

1   " The treatment a prisoner receives in prison and
2   the conditions under which he [she] is confined are
3   subject to scrutiny under the Eighth Amendment".
4   Farmer v. Brennan, 511 U.S. 825, 832
5   "Sexual harassment or abuse of an inmate by a
6   corrections officer is a violation of the Eighth
7   Amendment." Wood v. Beauclair, 692 E 3d 1041 (9th Cir. 2012)
8   See also, Schwenk v. Hartford, 240 F. 3d 1187, 1197 (9 Th
9   Cir. 2000) (" in the simplest and most absolute terms ...
10  prisoners have a clearly established right under the
11  Eighth Amendment to be free from sexual abuse")
12  The PLRA, 42 U.S.C. § 1997 (e) states that, " No Federal
13  civil action may be brought by a prisoner confined in
14  a jail or prison for mental or emotional injury suffered
15  while in custody without a showing of physical
16  injury, or sexual contact. (as defined by 18 U.S.C.
17  § 2246)"
18  18 U.S.C. § 2246, Definition (3) The term "sexual contact"
19  means, the intentional touching, either directly, or
20  through the clothing, of the genitilia, anus, groin, breast,
21  inner thigh, or buttocks of any person with the intent
22  to abuse, humiliate, harass, degrade, or arouse or
23  gratify the sexual desire of any person.
24  " A corrections officers intentional contact with an
25  inmates genitalia or other intimate area, which serves
26  no penological purpose and is undertaken with the intent

Memorandum

1  to gratify the officers sexual desire or humiliate
2  the inmate violates the Eighth Amendment." Crawford v.
3  Cuomo, 796 F.3d 252, 257 (2nd Cir. 2015)
4  " The Eighth Amendment prescribes the infliction of cruel
5  and unusual punishment on prisoners. Whether a
6  particular event or condition in fact constitutes 'cruel
7  and unusual punishment' is gauged against the evolving
8  standards of decency that mark the progress of a maturing
9  society." Schwenk v. Hartford, 204 F.3d 1187, 1196
10 " After incarceration, only the unnecessary and wanton
11 infliction of pain... constitutes cruel and unusual
12 punishment forbidden by the Eighth Amendment."
13 Whitley v. Alberts, 475 U.S. 312, 319 " The alleged
14 pain may be physical or psychological." The Eighth
15 Amendments prohibition against cruel and unusual
16 punishment stands as a protection from bodily searchs
17 which are maliciously motivated, unrelated to institutional
18 security and hence totally without penological justification'"
19 Meriwether v. Faulkner, 821 F.2d 408, 412
20 These body searchs, the touching of this transgenders chest,
21 thighs, buttocks, the bumping of her groin, the berating and
22 the refering to her as "queer" and "fag" are actions taken
23 on the part of officer Wanders with the intent to harass,
24 humiliate and degrade the plaintiff and to supress the
25 plaintiffs gender identity.

Memorandum

1   Not only has Officer Nessen taken an active role in the
2   harassment of the plaintiff, but also has threatened
3   the plaintiff with retaliation for having made a
4   complaint of sexual harassment (grievance) against
5   Wonders.
6      If a plaintiff intends to assert a retaliation claim
7   he [she] must specificly identify the protected conduct
8   at issue, name the defendant who took the adverse
9   action against him [her] and plead the facts demonstrating
10  that the allegedly adverse action was taken because
11  of plaintiffs protected conduct. Merriman v. Lizarrago,
12  U.S. Dist. LEXIS 161472 (2017)
13     Defendant Nessen states, " If you continue with the
14  sexual harassment complaint, I will make your life
15  miserable."
16     Conduct protected by the First Amendment includes
17  Communications that are "part of the grievance process".
18  Brodheim v. Cry, 584 F.3d 1263, 1271 n.4, see also,
19  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005)
20  (The filing of an inmate grievance is protected conduct)
21     The "mere threat of harm can be an adverse action,
22  regardless of whether it is carried out because the threat
23  itself can have a chilling effect." (Watson v. Carter, 668
24  F.3d 1108, at 1115
25     Defendants Uttecht and Bolinger also retaliated against
26  the plaintiff, and also after being placed on notice allowed
Pg 4 of 8  27  this harassment to continue, by failing to protect the

Memorandum

plaintiff they showed a predication of disregard for the plaintiffs well-being.

Prison officials have a duty" to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatab v. Corrections Corp. of America, 714 F.3d 1165, 1160

Dep't of Corrections Grievance Policy; Employee Conduct, "Grievance staff will type grievances which are accepted as Employee Conduct on D.O.C. 05-170 staff conduct grievance and send them directly to the superintendent/designee for review and investigation as level II grievances."

After being searched four times, spanning three consecutive days, the plaintiff files grievance # 18661987 on the date of August 9th, which is not processed untill 8-20-18, (return for rewrite) Attached as # 1. Before receiving this response the plaintiff files a second grievance on the date of August 15th, grievance # 18662035, Attached as # 2, which was transfered to level 1 on 8-28-18. Over the course of the next few days the plaintiff makes two verbal complaints to grievance staff (see Attachment # 3, grievance # 18663794) There appears to be, by the provided attachments eleven complaints made between August 9th and October 4th, the two verbal complaints, although promised to be processed, were ignored, or at least there is no documentation to attest to complaints

Memorandum

1. having been advanced. (Attached grievances are numbered,
2. 1 thru 6 ) ( PREA) Notice of Allegations, are attached as
3. 7(a) thru. 7(f) )
4. The cavalier and diminutive manor in which these
5. complaints were handled shows that their was never
6. any intent to protect, but a predisposal to reprisal.
7. 42 U.S.C. §1560 (PREA) lists transgenders as potentially
8. vulnerable prisoners who deserve special attention
9. and monitoring.
10. The plaintiff has been diagnosed with "Gender dysphoria."
11. Gender dysphoria is, a serious medical condition
12. codified in the International Classification of Diseases,
13. and the American Psychiatric Association's Diagnostic
14. and Statistical Manual of Mental Disorders. It is
15. characterized by an incogruence between one's
16. experienced and expressed gender and assigned
17. sex at birth, and clinically significant distress or
18. impairment of functioning as a result. The condition
19. is associated with severe and unremitting emotional
20. pain. Without treatment, people with gender
21. dysphoria experience anxiety, depression, suicidality,
22. and other issues. Male to female transexuals (transgenders)
23. without treatment or access to appropriate care may
24. resort to attempting auto castoration in order to
25. alleviate their distress. Norsworthy v. Beard, 87 F. Supp.
26. 3d 1164, 1170, 1187.

Memorandum

1  The threat of any further sexual harassment or
2  retaliation places this emotionally fragile plaintiff
3  in imminent danger.
4  (writers note, transgenders account for less than one half
5  of one percent of the American population.)
6  According to the Federal Bureau of Investigation, 1.7
7  percent of hate crimes reported by law enforcement
8  agencies in the United States in 2015 were motivated
9  by gender-identity bias. (2015 Hate Crime Statistics,
10  FBI, Criminal justice Information Services Division)
11  Across all environments, almost 50 percent of trans-
12  gender people surveyed for the 2015 report responded
13  that they had been verbally harassed due to gender-
14  identity. Nearly one in ten reported being physically
15  assaulted because of their gender-identity. Notably,
16  the reported life time suicide attempt rate for
17  transgender people is nearly nine times the rate of
18  the United States population on average. Id
19  At the hands of officer Wonders, those working in concert
20  with him, and those charged with protecting the
21  plaintiff, the plaintiff has now become a member
22  of this statistic group.
23  At the writting of this document, on todays date 10-24-18,
24  Ms. Alexandra Martin, the plaintiff, was again stopped by
25  officer Wonders, ordered to remove her coat, then he
26  again placed his hands on her body. Ms. Martin went

Memorandum

1  directly to the grievance coordinators office and
2  reported. There has now been no less than twelve
3  sexual harassment incident complaints made, the
4  number of complaints, the fact that throughout this
5  entire process Officer Wonders was allowed to
6  continue in this behavior, and still continues in
7  it, the retaliation mounted against the plaintiff
8  for reporting, should be sufficient to show that the
9  plaintiff is in dire need of Courts intervention, but
10 also that there does exist a "Custom" or "policy" of
11 condonement for the sexual harassment of inmates
12 at the hands of D.O.C. employees, and retaliation
13 against those who report it.
14    The plaintiff, Ms. Martin, prays of the Court to
15 exercise social conscience and grant this Preliminary
16 Injunction and Temporary Restraining Order.
17
18
19  William Martin
20  Doc# 401212
21  D-B-20 - Po Box 769
22  Coyote Ridge Correction Center
23  Connell, Wa, 99326
24
25  (Note, PREA Doc policy 490.860 Investigation
26 II Retaliation 1. indications of retaliation may include, but are
27 not limited to: (c) Housing/program changes and reassignment)

Pg 8 of 8

Affidavit of Plaintiff:

I, William Martin, do swear under penalty of perjury, that by way of Knowledge, information and belief, that the statement held herewithin is true and correct.

I am a female identifying transgender prisoner held under the authority of the Washington State Dept of Corrections, at Coyote Ridge.
I have been chosen to be victimized by Officer Wonders for sexual harassment due to my gender identity. I have filed multiple complaints about the way Wonders touchs me. These are supposed to be random body searchs, yet Wonders stops me nearly every time he sees me. He works tuesday - friday and often I am stopped all four of those days. I have filed so many written and verbal complaints that I am unable to list them all. I wrote 6 grievances, made verbal complaints to unit staff, mental health, grievance personel, a lieutenant, and filed a written complaint with an outside agency. Yet Wonders continued without lull to harass and humiliate me. My employer, or boss, even complained. I am afraid of Wonders. I now live in daily fear and anxiety. He has an expression of hatred on his face when he sees me, he calls me "fag", "queer", "faggot"

Affidavit

When he touchs my chest, buttocks, thighs and brushs my genitilia I feel like I am being assaulted. I was threatened by Officer Nessen who said she would "make my life miserable" if I "continued with the sexual harassment complaint." I was also given an infraction claiming that I lied to" further my own agenda". What agenda could I have that could be claimed? I just want to go to work without being stalked, touched, called names and humiliated.

I am not gay, I am Transgender.

Please, Someone make Wonders and his advocates leave me alone.

William Martin

Doc # 401212

Signed          dated          11/13/18

# 1



**Department of**
**Corrections**
WASHINGTON STATE

**LOG I.D. NUMBER**
18 Cd 61987

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Martin | William | Eugene | 4012 12 | CRCC | BB-35 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

**MAILING ADDRESS:** STREET OR P.O. BOX ___   CITY, STATE ___   ZIP CODE ___   TELEPHONE ___

**COMPLAINT:** I'm being Harrassed By CO Wonders Et. Al. because of my gender identity being MtF Trans gender. On 8/9/18 I was stopped for going to work with my cup, returned my cup after being told to, then after return I was stopped again to be searched because I told them I would grive for harrasment, & now the CO Wonders Et. Al. are how I told me they will stop me & search me every day and that. Is

**SUGGESTED REMEDY:** NOT Grievable

Mandatory _William Martin_   8/9/18
                Signature              Date

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office CRCC | Date Received 8-13-18 |
|---|---|---|

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: 8/28.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** You mention et al. Who are the others? You are referring to? Why do you believe this is due to your gender identity. Please rewrite to include this info.

| Coordinator's Name (print) C. Shuster | Coordinator's Signature | Date 8/20/18 |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)   DOC 310.100, DOC 550.100



**Department of Corrections**
WASHINGTON STATE

**LOG I.D. NUMBER**
1866 2035

**OFFENDER COMPLAINT**

**CHECK ONE:**   ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened, when, where, and who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:**   Complaints must be filed within <u>20 working days</u> of the incident. Appeals must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Martin | William | Eugene | 401212 | CRCC | DB-20 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|

**COMPLAINT:** Today on my way to work @ 800 I was stopped by CO Wonders, specifically out of several other inmates. He ~~searched~~ got searched me & claimed I could'nt have my pencil. I am uncomfortable with CO Wonders stopping me & stalking me he watches me to & from the unit and it is very creepy. P.S. I missed the first hour of work due to this harrassment

**SUGGESTED REMEDY:** Fire or Reasign CO Wonders or keep the creep away from me

Mandatory   *William Martin*   8/15/18
Signature   Date

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☒ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

Facility/Office  CRCC   Date Received  8-16-18

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** ~~to~~ Level 1

| Coordinator's Name (print)  C. Shuster | Coordinator's Signature  C. Shuster | Date  8/21/18 |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)   DOC 310.100, DOC 550.100

# 2 (a)

LOG I.D. NUMBER/*NUM. DE REGISTRO*
**18662035**



Department of
**Corrections**
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO* | First<br>*PRIMERO NOMBRE* | Middle<br>*2DO NOMBRE* | DOC Number<br>*NUMERO DOC* | Facility/Office<br>*FACILIDAD* | Unit/Cell<br>*UNIDAD/CELDA* |
|---|---|---|---|---|---|---|
| | **Martin** | **William** | **E** | **401212** | **CRCC** | **D B20-2U** |

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed  08/28/18 | Date Due |
|---|---|---|

**I WANT TO GRIEVE** / *QUIERO QUEJARME DE*: Today on my way to work @ 800 I was stopped by CO Wonders, specifically out of several other inmates.  He pat searched me & claimed I could'nt have my pencil.  I am uncomfortable with CO Wonders stopping me & stalking me he watches me to & from the unit and it is very creepy.  P.S. I missed the first hour of work due to this harrasment

**SUGGESTED REMEDY** / *REMEDIO SUGERIDO*: Fire or reasign CO Wonders or keep the creep away from me

| /s/ Carianne Shuster | 08/21/18 | /s/ William Martin | 08/15/18 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

**PART B - LEVEL I RESPONSE** / *PARTE B RESPUESTA PRIMER NIVEL*

Your level 1 grievance investigation was completed by CS2 Shuster.

This complaint is being handled outside the grievance office per the PREA policy.

C. Shuster                                    8/28/18

Grievance Coordinator Signature           Date
*COORDINADOR DE QUEJAS*                   *FECHA*

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

Distribution:  Grievance Program Manager/*Gerente del Programa de Quejas*, Grievance Coordinator/*Coordinador de Queja*, Grievant/*Quejante*
DOC 05-166 E/S (Rev. 02/23/16)                                                                DOC 550.100



**Department of Corrections**
WASHINGTON STATE

**LOG I.D. NUMBER**
18663794

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☒ Initial  ☐ Emergency  ☐ Appeal  ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Martin | William | Eugene | 491212 | CRCC | DB-20 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|

**COMPLAINT:** At 0750 on 6/9/18, today, CO Wonders had stopped me to "pat search" me after having me remove my work vest to expose my self, durring the search he took my work issued pen saying its not allowed. This is the 5th time in a 30 day period he has harrassed me, two of the instances have been reported to PREA and he has an investigation against him from PREA for fondling my chest & targeting me because I'm a trans woman. Durring a meeting @ work with my supervisor & fellow employees Wonders

**SUGGESTED REMEDY:** Stood outside my work & starred @ me.
Suspend him w/out pay or terminate him.

Mandatory _William Scott_    Signature    Date 9/6/18

---

**GRIEVANCE COORDINATOR'S RESPONSE**
Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| CRCC | 9-10-18 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
    Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** This is being handled per the PREA policy.

| Coordinator's Name (print) C. Shuster | Coordinator's Signature C. Shuster | Date 9/7/18 |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)    DOC 310.100, DOC 550.100

#4



Department of
**Corrections**
WASHINGTON STATE

**LOG I.D. NUMBER**
186664158

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Martin | William | Eugene | 401212 | CRCC | DB-20 |

**COMMUNITY SUPERVISION:** Send complete copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box #41129, Olympia WA 98504-1129.

**MAILING ADDRESS - STREET/PO BOX** | **CITY, STATE** | **ZIP CODE** | **TELEPHONE**

**COMPLAINT:** I'm requesting this to be filed & processed through the Regular grievance procedure. Officer Wonders has been targeting me for searches. The fact that I'm a trans-woman is the only thing that sets me apart from the other inmates. There is no doubt he knows of my trans status being how I open about it, I wear a sports bra, and I wear my hair in femanine styles. He has searched me several times in a short period's when searching he lingers around my breast & rear, which feels very sexual, I have a witness who's seen this on 5 occasions

**SUGGESTED REMEDY:**

Mandatory _William E Martin_ 9/15/18
Signature                     Date

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office CRCC | Date Received 9-19-18 |
|---|---|---|

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☒ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____.
   ☐ No rewrite received _____.
   ☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** This is being addressed per the PREA policy.

Coordinator's Name (print) _C. Shuster_     Coordinator's Signature _C. Shuster_     Date 9/24/18

DOC 05-165 Front (Rev. 07/26/16)                                    DOC 310.100, DOC 550.100

# 5

**LOG I.D. NUMBER**
18660459


Department of
**Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Martin | William | Eugene | 401212 | CRCC | DB-20 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** Today (9/20/18) @ Approximately 750-800 CO's ▓▓▓ had stopped me to search me & claimed that my notes as personal reminders / to do lists are contraband. @ I had ask what WAC & policy states this, they didn't have an answer. I confronted the 3 CO's Wonders & his 2 minions, saying it felt like I was being targeted, they told me they don't care, & that they told me this before yet today was the first time I brought this up.

**SUGGESTED REMEDY:**
Suspend CO Wonders and his 2 minions this is harassment.

Mandatory _C.W...M...z...____  Signature       9/20/18  Date

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | CRCC | 9-24-18 |

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☒ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:**  to level 1

| Coordinator's Name (print) C. Shuster | Coordinator's Signature C. Shuster | Date 10/1/18 |
|---|---|---|

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

# 6



Department of
# Corrections
WASHINGTON STATE

**LOG I.D. NUMBER**
18664278

## OFFENDER COMPLAINT

**CHECK ONE:** ☑ Initial   ☒ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what</u> happened, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within <u>20 working days</u> of the incident. Appeals must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Mewtin | William | Eugene | 401212 | CRCC | DB 20 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** Co Wonders once again made sexual advances on me with the excuse of "pat search", he has an odd interest in my breast area and he knews I'm a trans woman this is Sexual Assaul as a Custodial Officers which is a Felony Sex Offence he needs to stop my next step is to file a complaint on a federal level and I will press charges.

**SUGGESTED REMEDY:** Fire him or keep him away from me, my unit, and work.

Mandatory _William Mewtin_   Signature   9/26/18   Date

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office CRCC | Date Received 9-26-18 |
|---|---|---|
| Your complaint is being returned because: | | |

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

**EXPLANATION:**

☒ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____.
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

Complaints and grievances alleging any form of sexual assault, sexual abuse, and/or employee sexual misconduct will be immediately processed per Prison Rape Elimination Act (PREA) Policy. Complaints and grievances investigated as PREA will not be Investigated through the Offender Grievance Program. From the standpoint of the Offender Grievance Program, once a PREA complaint is reported as PREA, the complaint /grievance is considered informally resolved

Coordinator's Name (print) M. McGetrick   's Signature   Date 09/26/18

DOC 05-165 Front (Rev. 07/26/16)                    DOC 310.100, DOC 550.100

7 (a)



### STATE OF WASHINGTON
### DEPARTMENT OF CORRECTIONS
### Coyote Ridge Corrections Center
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800   FAX (509) 543-5801

**DATE:**      August 16th 2018

**TO:**          **MARTIN, WILLIAM 401212**

**FROM:**      Stephen Bolinger,
Coyote Ridge Corrections Center (CRCC)
PREA Compliance Specialist

**RE:**          **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received. After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
Therefore, a formal PREA investigation will not be conducted. If you
submitted the allegation utilizing the grievance process, you may refile
the grievance per DOC 550.100 Offender Grievance Program.

☒ The allegation met the PREA definition defined per policy. Therefore,
a formal PREA investigation will be conducted. An investigator will
follow up with you shortly. Your allegation has been assigned PREA
Case # __18-18091_____.

☐ The allegation has been logged and appended to
Case # _____, as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously. If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist

7 (b)



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**     August 22nd 2018

**TO:**       **Martin, William #401212**

**FROM:**     Stephen Bolinger,
             Coyote Ridge Corrections Center (CRCC)
             PREA Compliance Specialist

**RE:**       **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received. After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
   Therefore, a formal PREA investigation will not be conducted. If you
   submitted the allegation utilizing the grievance process, you may refile
   the grievance per DOC 550.100 Offender Grievance Program.

☐ The allegation met the PREA definition defined per policy. Therefore,
   a formal PREA investigation will be conducted. An investigator will
   follow up with you shortly. Your allegation has been assigned PREA
   Case #_____.

☒ The allegation has been logged and appended to
   Case #  **18-18091**_____, as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously. If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800     FAX (509) 543-5801

**DATE:**     September 7th, 2018

**TO:**       Martin, William 401212

**FROM:**     Stephen Bolinger,
             Coyote Ridge Corrections Center (CRCC)
             PREA Compliance Specialist

**RE:**       **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received. After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

  ☐ The allegation did not meet the PREA definition defined per policy.
     Therefore, a formal PREA investigation will not be conducted. If you
     submitted the allegation utilizing the grievance process, you may refile
     the grievance per DOC 550.100 Offender Grievance Program.
     NOT-PREA #_____.

  ☒ The allegation met the PREA definition defined per policy. Therefore,
     a formal PREA investigation will be conducted. An investigator will
     follow up with you shortly. Your allegation has been assigned PREA
     Case # __**18-18162**_____.

  ☐ The allegation has been logged and appended to
     Case # _____, as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously. If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Living Unit.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington 99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**    September 10th, 2018

**TO:**    **MARTIN, WILLIAM #401212**

**FROM:**    Stephen Bolinger,
Coyote Ridge Corrections Center (CRCC)
PREA Compliance Specialist

**RE:**    **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has been received. After reviewing your allegation per DOC 490.860 Prison Rape Elimination Act (PREA) Investigation, it has been determined that one of the following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy. Therefore, a formal PREA investigation will not be conducted. If you submitted the allegation utilizing the grievance process, you may refile the grievance per DOC 550.100 Offender Grievance Program. IMRS # _____.

☐ The allegation met the PREA definition defined per policy. Therefore, a formal PREA investigation will be conducted. An investigator will follow up with you shortly. Your allegation has been assigned PREA Case #_____.

☒ The allegation has been logged and appended to Case #  **18-18162**  , as a re report.

The Department of Corrections and CRCC take allegations of this nature seriously. If you have any PREA concerns in the future, you may address your concerns through the PREA Hotline, offender complaints, report directly to any staff member or report to an outside agency utilizing DOC 21-379 Report of Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available in the Living Units and Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**      September 17th, 2018

**TO:**        **MARTIN, WILLIAM 401212**

**FROM:**      Stephen Bolinger,
              Coyote Ridge Corrections Center (CRCC)
              PREA Compliance Specialist

**RE:**        **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received.  After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
   Therefore, a formal PREA investigation will not be conducted.  If you
   submitted the allegation utilizing the grievance process, you may refile
   the grievance per DOC 550.100 Offender Grievance Program.
   IMRS # _____.

☐ The allegation met the PREA definition defined per policy.  Therefore,
   a formal PREA investigation will be conducted.  An investigator will
   follow up with you shortly.  Your allegation has been assigned PREA
   Case #_____.

☒ The allegation has been logged and appended to
   Case #  **18-18162**   , as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously.  If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**      September 24th, 2018

**TO:**        **MARTIN, WILLIAM 401212**

**FROM:**      Stephen Bolinger,
Coyote Ridge Corrections Center (CRCC)
PREA Compliance Specialist

**RE:**        **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received. After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
Therefore, a formal PREA investigation will not be conducted. If you
submitted the allegation utilizing the grievance process, you may refile
the grievance per DOC 550.100 Offender Grievance Program.
IMRS # _____.

☐ The allegation met the PREA definition defined per policy. Therefore,
a formal PREA investigation will be conducted. An investigator will
follow up with you shortly. Your allegation has been assigned PREA
Case # _____.

☒ The allegation has been logged and appended to
Case # ___**18-18162**___, as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously. If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist

7 (g)



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769  Connell, Washington  99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**   September 25th, 2018

**TO:**   **MARTIN, WILLIAM 401212**

**FROM:**   Stephen Bolinger,
Coyote Ridge Corrections Center (CRCC)
PREA Compliance Specialist

**RE:**   **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received.  After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
Therefore, a formal PREA investigation will not be conducted.  If you
submitted the allegation utilizing the grievance process, you may refile
the grievance per DOC 550.100 Offender Grievance Program.
IMRS # _____.

☐ The allegation met the PREA definition defined per policy.  Therefore,
a formal PREA investigation will be conducted.  An investigator will
follow up with you shortly.  Your allegation has been assigned PREA
Case #_____.

☒ The allegation has been logged and appended to
Case # ___**18-18162**___, as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously.  If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington   99326-0769
(509) 543-5800     FAX (509) 543-5801

**DATE:**     September 26th, 2018

**TO:**      **MARTIN, WILLIAM #401212**

**FROM:**     Stephen Bolinger,
            Coyote Ridge Corrections Center (CRCC)
            PREA Compliance Specialist

**RE:**      **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has been received. After reviewing your allegation per DOC 490.860 Prison Rape Elimination Act (PREA) Investigation, it has been determined that one of the following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy. Therefore, a formal PREA investigation will not be conducted. If you submitted the allegation utilizing the grievance process, you may refile the grievance per DOC 550.100 Offender Grievance Program. IMRS # _____.

☐ The allegation met the PREA definition defined per policy. Therefore, a formal PREA investigation will be conducted. An investigator will follow up with you shortly. Your allegation has been assigned PREA Case # _____.

☒ The allegation has been logged and appended to Case # __**18-18162**__, as a re report.

The Department of Corrections and CRCC take allegations of this nature seriously. If you have any PREA concerns in the future, you may address your concerns through the PREA Hotline, offender complaints, report directly to any staff member or report to an outside agency utilizing DOC 21-379 Report of Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available in the Living Units and Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**
**Coyote Ridge Corrections Center**
PO Box 769   Connell, Washington  99326-0769
(509) 543-5800    FAX (509) 543-5801

**DATE:**     October 4TH, 2018

**TO:**        **MARTIN, WILLIAM 401212**

**FROM:**    Stephen Bolinger,
Coyote Ridge Corrections Center (CRCC)
PREA Compliance Specialist

**RE:**         **Prison Rape Elimination Act (PREA) Allegation**

I am writing to inform you that the PREA allegation you recently submitted has
been received.  After reviewing your allegation per DOC 490.860 Prison Rape
Elimination Act (PREA) Investigation, it has been determined that one of the
following apply to your allegation:

☐ The allegation did not meet the PREA definition defined per policy.
Therefore, a formal PREA investigation will not be conducted. If you
submitted the allegation utilizing the grievance process, you may refile
the grievance per DOC 550.100 Offender Grievance Program.
IMRS # _____.

☐ The allegation met the PREA definition defined per policy.  Therefore,
a formal PREA investigation will be conducted.  An investigator will
follow up with you shortly.  Your allegation has been assigned PREA
Case #_____.

☒ The allegation has been logged and appended to
Case #  __**18-18091 & 18-18162**____ , as a re report.

The Department of Corrections and CRCC take allegations of this nature
seriously.  If you have any PREA concerns in the future, you may address your
concerns through the PREA Hotline, offender complaints, report directly to any
staff member or report to an outside agency utilizing DOC 21-379 Report of
Prison Rape Elimination Act (PREA) Allegation to an Outside Agency, available
in the Living Units and Library.

Sincerely,

Stephen Bolinger,
CRCC's PREA Compliance Specialist



# Department of
# Corrections
WASHINGTON STATE

## INITIAL SERIOUS INFRACTION REPORT

| | | |
|---|---|---|
| MARTIN, WILLIAM | 401212 | CRCC DB202U |
| Offender name | DOC number | Facility/housing assignment |
| 10/12/2018 | 09/06/2018-09/26/2018 | MULTIPLE | MULTIPLE |
| Infraction date | Incident date | Incident time | Incident place |
| 549 | | | |

Rule violations

PER PREA CASE # 18-18162

Witnesses

## NARRATIVE

State a concise description of the rule violations, (e.g., injuries, property damage, use of force) and answering the questions of When? Where? Who? What? Why? and How?  Attach all related reports.
*(Work Release offenders may submit written comments to their case manager)*

On 12 October 2018 at 1600 I, Stephen Bolinger PREA Compliance Specialist was given pre-approval by Superintendent Uttecht, J. to infract Offender Martin William 401212 for a WAC 549 as a result of investigation PREA Case # 18-18162 per DOC 490.860, Prison Rape Elimination Act (PREA) Investigation. Superintendent Uttecht, J. reviewed the investigation conducted on the allegations made by offender Martin and determined the allegations to be unfounded; that they did not occur. In this instance of alleged staff sexual misconduct the Appointing Authority determined by a preponderance of the evidence Offender Martin caused an innocent person to be accused by providing false or misleading information during any stage of the investigation.

Allegations made are listed below:

1. It is alleged that Officer Wonders Sexually Assaulted an offender during pat searches by grabbing their breast;

   A.) On September 06th 2018 offender made the claim reported to medical staff and an officer *(This was a Thursday)* (incident reports) and later to the shift commander stating Officer Wonders, J. "left his hand on his chest while he pat searched the lower porting of his body."

   B.) September 6th 2018 Reports to the PREA Auditors he was sexually assaulted by Officer Wonders, J while going to the library.

   C.) September 9th 2018 received a kite to CRCC PREA Unit "He committing felony sexual assault as a custodial officer" *(This was a Sunday)*

   D.) September 15th 2018 wrote to outside reporting agency "He lingers during the searches on my rear end or breast" *(Saturday)*

   E.) September 15th 2018 filed a grievance alleging "When searching he lingers around my breast and rear"

   F.) September 26th 2018 reports to Shift Commander alleging "Sexually assaulted him by fondling his chest area"

   G.) September 26th 2018 during an interview with investigator " taking more interest than normal in my chest area"

*Reported Wissens Threat a* *[handwritten marginalia]*

All of these reports have come from 3 different pat searches that were recorded via the institutional video monitoring system (DEVTEL).  At no time during the interactions with the above named offender and Officer Wonders does it show the officer Sexually Assaulting anyone.  This allegation was false and misleading with



**Department of**
# Corrections
WASHINGTON STATE

## DISCIPLINARY HEARING NOTICE/APPEARANCE WAIVER

Infraction Group Number: 3

| Offender Name<br>MARTIN, William E. | DOC Number<br>401212 | Facility<br>CRCC | Date<br>10/15/2018 |
|---|---|---|---|
| Type of Review<br>☐ Disciplinary | Hearing Scheduled Date<br>10/22/2018 | Location<br>CRCC | Time<br>0900 |

**Reason For Hearing** (Include all Allegations of Misconduct, if Appropriate)

ᘔ 549 - Providing false or misleading information during any stage of an investigation of sexual misconduct, as defined in department policy

**Offender Rights:**

☑ You have the right to remain silent at the hearing. If you choose to remain silent, your silence may be used against you and the decision will be based on the evidence presented.

☑ You may waive your appearance at the hearing.

☑ You do not have a right to cross examine witnesses, have the infracting staff present at the hearing, have access to video, have access to audio from the offender phone system, or have a polygraph or other supplemental test(s).

☑ You may request witness statements and/or that staff, offenders, or other persons be present as witnesses, unless it is determined by the hearing officer that doing so would be unduly hazardous to facility safety or security: (list witnesses below)

| EMPLOYEE NAME | STATEMENT | WITNESS | POSITION | OFFENDER NAME | STATEMENT | WITNESS | DOC NUMBER |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | | | ☐ | ☐ | |
| | ☐ | ☐ | | | ☐ | ☐ | |
| | ☐ | ☐ | | | ☐ | ☐ | |
| | ☐ | ☐ | | | ☐ | ☐ | |

☑ Criminal charges may be pending. Anything you say henceforth may be used against you in a court of law.

**Status Of Criminal Charges:** ☐ None ☐ Unknown ☐ Pending in _____ County _____ Charges

☑ You have the right to review all related reports and a summary of any confidential information.

☐ You may request a Department advisor. ☐ Requested ☑ Waived

☑ You may request an interpreter if you are unable to read, speak, or understand English. ☐ Requested ☑ Waived

☑ You may request a certified sign language interpreter if you are hearing impaired. ☐ Requested ☑ Waived

☑ You may appeal the decision and/or sanctions to the superintendent/facility supervisor within 15 working days.

☑ If you are an indeterminate sentence case and within 60 days of an established release date, a guilty finding could result in the cancellation of your release date.

☒ I, _____, DOC # _____ waive my right to the required 24 hours notice prior to being seen by the Disciplinary Hearing Officer and authorize the Disciplinary Hearing Officer to make a disposition regarding the information and evidence presented to the Disciplinary Hearing Officer as pertains to my particular situation.

☐ I, _____, DOC # _____ waive my right to attend this scheduled hearing. I Understand that the hearing will be held in my absence.

**Copy of this form and infraction, with attachments received.**

| X | 10-15-18  1312 | ◯ SSO   10-15-18  1312 |
|---|---|---|
| Offender/Witness Signature | Date  Time | Employee Signature   Date  Time |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Distribution: **ORIGINAL** – Imaging System/Central File
DOC 05-093 (Rev. 10/26/16) E-Form
Scan Code: Packet (IF01), Individual (SD07)

**COPY**- Hearing Officer , Offender

DOC 450.500, DOC 460.000
[4-4236]

information during multiple stages of the investigation and reporting. It caused an Officer to be investigated for Sexual Misconduct defined in department policy 490.860.

This report is a summary of the PREA investigation PREA Case # 18-18172.

Evidence: ☒ Yes ☐ No    Photo(s)/video: ☒ Yes ☐ No    Evidence locker number:  PREA S073

Evidence case number: PREA CASE # 18-18162                          Description of evidence:  5 DVD'S

Related reports attached: ☒ Supplemental ☐ Medical ☐ Witness statements  ☒ Other: PREA CASE # 18-18162

Offender placed in: ☐ Pre-Hearing Confinement ☐ Administrative Segregation  Date: _____

Recommended sanctions: _____

| ALLEGED VICTIMS |
| --- |

Name: _____    ☐ Employee/contract staff  ☐ Volunteer/visitor/other  ☐ Offender DOC #

Name: _____    ☐ Employee/contract staff  ☐ Volunteer/visitor/other  ☐ Offender DOC #

| APPROVALS |
| --- |

BOLINGER, STEPHEN
Reporting employee/contract staff        Signature                              S/S
                                                                                        Shift/days off

JACOBO  DANIEL
Infraction Reviewer                            Signature                              10-12-18
                                                                                        Date

The contents of this document may be eligible for public disclosure.  Social Security Numbers are considered confidential information and will be redacted in the event of such a request.  This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Distribution:    **ORIGINAL** - Imaging System/Central File
                 **COPY** - Hearing Officer, Offender, Indeterminate Sentence Review Board



Department of
**Corrections**
WASHINGTON STATE

**DISCIPLINARY HEARING MINUTES AND FINDINGS**

Infraction Group Number: 3

| Offender Name(Last, First) | | | | DOC Number | | |
|---|---|---|---|---|---|---|
| MARTIN, William E. | | | | 401212 | | |
| Date of Hearing | Time of Hearing | Violation Date | | Waived 24 Hours Notice | ☐ Yes | ☒ No |
| 10/16/2018 | 0912 | 9/6/2018 | | Waived Appearance | ☐ Yes | ☒ No |

**Offender's Plea:** Guilty _____   Not Guilty  549 _____

| | | | |
|---|---|---|---|
| Hearing Impaired: | ☐ Yes | ☒ No | |
| Interpreter: Sign/Language | ☐ Yes | ☒ No | Name: _____ |
| Competency Concerns: | ☐ Yes | ☒ No | |
| Department Advisor: | ☐ Yes | ☒ No | Name: _____ |
| Confidential Information: | ☐ Yes | ☒ No | |
| Witness Statement Returned: | ☒ Yes | ☐ No | ☐ N/A |
| Witness Statement Denied: | ☒ Yes | ☐ No | ☐ N/A |

Reason:
Continuance 10/16/18- Witness Statements
Staff witness denied on the record based on offer of proof (Would provide no exculpatory evidence)

**Hearing Summary** List Witnesses Testifying, Evidence Used, Reasons for Continuances, Video Review Summary and any other Relevant information:
Why is the report saying sexual assault when what I said was harassment?
Completed 10/24/18 0935- Witness statements read on record.  Martin read a statement from Bill Lane who said he did not write a complete one previously.

Evidence: PREA Case 18-18162

| LIST EACH WAC 137-28 RULE VIOLATION SEPARATELY | | | | | |
|---|---|---|---|---|---|
| **VIOLATION NO.** | | **FINDING** | | | **REASON** |
| | Guilty | Not Guilty | Dismissed | Reduced | |
| 549 | 549 | | | | Staff report that Martin provided false information during the hearing.  Video clearly shows pat searches that, if any scrutiny could be made, were not as thorough as they might have been.  There is nothing in the video that could be misconstrued to be lingering or groping, quite the opposite is observed.  Offender clearly lied in allegations made on 9/6 and 9/26. |

**Sanction(s):** ___ 30 days cell confinement, 30 days loss of gct, 30 days loss of phone

**Reason for sanction(s):** ___ Serverity of offense.  Expoiting an appropriate avenue for personal agenda.

**Recommendations (Non-Sanction):** _____

**I Have Received a Copy of this Form:**

| | | | |
|---|---|---|---|
| Offender or Employee Witness (Print) | Offender or Employee Witness Signature | Date | Time |
| Hearing Officer (Print) | Hearing Officer Signature | Date | Time |

The contents of this document may be eligible for public disclosure.  Social Security Numbers are considered confidential information and will be redacted in the event of such a request.  This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

PAGE _____ OF _____