Response of Plantiff to Defences' motion for Summary Judgement. Case No 3:18-cv-05929-BHS-JRC

In response to defendants Motion for Summary Judgement, I urge this court to take into account that the defence has also supplied documentation that shows that four of the five defendants clearly gave false statements on PREA investigation numbers, 18-18091 (Document 37-1) 18-18162, and Serious Infraction Report (authored by Stephen Bolinger) (Document 38-1).

I have outlined and will discuss the false statements of the four defendants and two other individuals, involved in providing molisciously false information, later in this argument against Summary Judgement.

In response to venue, in my first attempt at filing on November 13, 2018, two proposed defendants were named which reside in Western Washington. I also presumed, at the time, that I was eventually going to be transfered to another facility, in response to this suit. I was however transfered to Monroe Washington State Reformatory, under the false pretences of a seperatee, placed on another inmate and myself, due to a falsified infraction given to the other inmate and myself, on December ___, 2018. This infraction was heard by Joshua Cruger whom later found me guilty of another preposterous infraction, specifically a false positive urinalysis showing positive for opiates. Mr Cruger found me guilty of this

page 1

infraction based on his medical oppinion, that just because I am allergic (deatly i.e. anaphalaxis) to opiates, he opined that I could not possibly be allergic to all opiates.

I also have pending a review, with DOC's Health Care and Review Commitee (CRC) at DOC HQ, as to whether or not DOC will approve me to be housed at WCCW (Washington Correction Center for Women), this is due to my feeling more congruent in my gender identity and lived gender of female.

Refering to Document 31 Defendant Motion for Summary Judgement pages 6 to 14 on Section Titled "B. Defendant are Entitled to Summary Judgement", are filled with arguments of hearsay and speculation, based on the comments made by the dishonest defendants' Declarations.
The Claim on page 10 Stating "Martin cannot show that they were descriminated against because of their membership in a protected class..." (page 10-11, Line 26 on pg 10 and Line 1 on page 11) prisoners are not a suspect class", making assumptions that I felt prisoners are a suspect class.
On Page 11, lines 4 to 16 make claim that transgender status doesn't provide proof of descrimination, because of false claims that the defendents or Wonders groped me for peniological reasons.

Referencing Document 38 Page 12 to 14 the argument of defendants violating my 1st Amdt right. This was breached on several occasions, for example when Nissen threatened me for making harrasment and sexual harassment reports, when Wonders tried to chill my exercising my first Ammendment right by trying to bully me into seeing that "trans isn't right.", Bellinger + Utecht giving me an infraction for accusing their fellow staff member of groping me (this infraction was used to show me that they're in charge and can make my time in prison harder).

The defendants acclaimed entitlement to immunity, based on claims that the defendants didn't violate my right, even though there is plenty of proof of wrong doing and evidence that many of the defendants if not all are dishonest, lack integrity and moral standing

The defendants in this case provided this court knowingly with information they knew to be false, these accusations of the defendants dishonesty are based on documented facts; such as video, reports containing false information, and witness that they disregard.

The following Documents I refer to are as follows: PREA investigation 18-18 091 (Document 37-1) pgs 4-7,

page 3

PREA investigation 18-18162 (Document 37-1 pages 11-13 and pages 17-18), @Sericas Infraction Report (Document 38-1 pages 2 and 3).

PREA investigation ~~[scribbled out]~~ 18-1809 (Document 37-1 pages 4 through 7), is authored by and was investigated by Melissa Moore, at CRCC, starting on August 16, 2018 and ending approximately September 5, 2018. This investigation was due to inappropriate actions and remarks made by Jerry Wonders, on page 2 of this report (Document 37-1 page 5) there a 3 parts of concern as to the honesty of Defendants Nissen and Wonders, along with their collegue whom wrote a Declaration for their Motion of Summary Judgement. The 3 areas of interest are as follows, and I quote: "When I ask C/O Wonders to describe the situation that occured on August 8, 2018, he stated... "I searched him and found the he had a couple pieces of candy and a zip lock bag of coffee." (this is labled 'b.' and is excerpted from lines 5-6) "When ~~[scribbled]~~ C/O Nissen was asked what occured durring the pat search on August 9, 2018, she stated... I was acctually the one that pulled him over that day... I searched offender Martin." (this is labled 'c.' and excerpted from lines 3 and 5 of that paragraph) "When C/O Lagunas was asked what occured durring the pat search on August 9, 2018, he stated... I pat searched that offender as I have pat searched him before"

page 4

The 3 different C/Os had differing stories about what happened, they all seem to remember searching me, yet if the defence would produce the video that goes with this event, the court would clearly see that the events didn't occur as stated by these 3.

On page 3 of this report (Document 37-1 page 6) within the area labled "Exhibits", Exhibit 15 and 16 state that they are the Interview Summary and Acknowledgement of C/O Wonders, which is when Ms. Moore would have informed C/O Wonders, that according to policy (DOC) 490.850 he should not make physical or verbal contact with me.

PREA investigation 18-18162 (Document 37-1 pages 11 through 13 and 17 through 18), is authored by and was ivestigated by Mark Leigh, at CRCC, starting on September 7, 2018 until October 8, 2018, and appended briefly on October 8, 2018 and ending November 1, 2018. This investigation was due to Mr. Wonders' inappropriate "pat" search where he rubbed my chest vigorously, then while holding my left breast he rubbed my rear and legs. The appending is due to Ms Nissen threatening to make my life hard if I file another harassment claim. I only need to point out Page 2 of the first portion (Document 37-1 page 12) under lable Exhibits, Exhibit #1 is interview and acknowledgement of C/O Wonders, further nullifying his dishonesty regarding not being told not to make contact nor search me

during this 3 month period. As for the Appendeed portion (Document 37-1 pages 17 to 18) ~~pages 17 of this Report (Doc 37-1 pg 17)~~ starting on page 1 (17) under lable 'b', which corrisponds to Exhibit 7 on the next page, is Nissen's Statement claims that C/O Joshua Benedict-Smith pat searched me, the next page under lable 'c', wich corrisponds to Exhibit 9 of the same page, is C/O Josua Benedict-Smith's Statement which is basically Benedict-Smith corroborating C/O Nissens Story, yet if the court watched the video of this specific search on this specific instant, the court would see a short female ~~of~~ C/O pat searching me.

Finally ~~(on)~~ the Serious Infraction Report issued or authored by Stephen Bolinger (Document 38-1 pages 2-3) on the first page under lable "Details in full" on lines 16-17 Bolinger states "At no time durring the interactions with the above named offender [myself] and Officer Wonders does it show the Officer Sexually Assaulting anyone." Video of September 6, 2018 filed as Exhibit 3 (Document 38-1 page 7) clearly shows C/O Wonders rubbing my chest vigorously, then while holding my left breast rubbing my rear and legs, if this is not sexually inapropriate behavior and C/O's are continueilly allowed to misbehave like C/O Wonders how does DOC expect inmates to trust them.

I conclude that the five dishonest Declarations in themselves should be grounds to deny the defendants Motion for Summary Judgement. With the actions of the defence I see that our law isn't as black and white as it should be, when people like the defendants abuse their Power is such disgusting ways it causes me to fear what our justice system is becoming when persons of power are allowed to do wrong and illegal things to other people. Pleas I pray that this court look past the dishonest statements given by the defendants. I hope this court does the right thing by proceeding with prosecution of this case.

Respectfully Submitted this 17th day of March 2020

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
DATED this 17th day of March 2020, in Airway Heights, Washington

*Lillian R. A. Martin*
Lillian Martin